IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sarah Lang, ) | Civil Action No.: 6:17-635-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Sarah Lang's ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a reply to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## **BACKGROUND**

Plaintiff filed for DIB on September 27, 2013, alleging disability beginning on May 30, 2013. Her applications were denied initially and upon reconsideration, and she

requested a hearing before an administrative law judge ("ALJ"). A hearing was held on May 30, 2016, at which Plaintiff, who was represented by counsel, appeared and testified. The ALJ also heard testimony by telephone from vocational expert ("VE") Susanna D. Roche. The ALJ issued a decision dated August 23, 2016, denying Plaintiff's claim. Plaintiff requested review of the decision, and on January 11, 2017, the Appeals Council issued a notice denying Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review of the Commissioner's final decision on February 2, 2017.

Plaintiff was born in 1957 and was 55 years old on her alleged onset date of May 30, 2013. Plaintiff completed high school and attended Denmark Technical and York Technical College. She holds a certificate in phlebotomy and has past relevant work as a customer service operator.

## **STANDARDS OF REVIEW**

### I. **The Magistrate Judge's Report**

The Court conducts a *de novo* review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. **Judicial Review of a Final Decision**

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the

Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

**I.     The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 30, 2013, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; vertigo; hyperthyroidism; headaches; and obesity. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) except that

4

Plaintiff can occasionally climb ramps and stairs; can never climb ladders, ropes, and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to unprotected heights and moving mechanical parts; and is limited to occasional pushing and pulling with both upper extremities and both lower extremities as much as she can carry. The ALJ found that Plaintiff is capable of performing her past relevant work as a customer service representative. Therefore, the ALJ found that Plaintiff was not disabled from the alleged onset date of June 1, 2013, through the date of the decision.

## II.     The Court's Review[1]

In this action, Plaintiff asserts (1) that the ALJ erred by improperly weighing the opinion evidence of treating physician Dr. Afulukwe and (2) that the case should be remanded for consideration of new evidence submitted to the Appeals Council. In his Report, the Magistrate Judge evaluated each of Plaintiff's claims and found them to be without merit.

### A.     The Treating Physician Rule

Here, as previously mentioned, Plaintiff claims that the ALJ failed to properly evaluate the medical opinions of Plaintiff's treating physician, Dr. Afulukwe. In his Report, the Magistrate Judge rejected Plaintiff's argument and determined that substantial evidence supports the ALJ's decision to give little weight to Dr. Afulukwe's opinions. Plaintiff objects

---

[1] As the Magistrate Judge noted, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed his application for benefits, unless otherwise specified.

to this conclusion and reasserts her position that the ALJ erred in giving limited weight to Dr. Afulukwe's opinions.

As the Magistrate Judge explained, under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. The regulation known as the "Treating Physician Rule" imposes a duty on the Commissioner to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). The Commissioner "[g]enerally . . . give[s] more weight to opinions from . . . treating sources" based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Further, the Commissioner "[g]enerally . . . give[s] more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." *Id.* § 404.1527(c)(1).

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of specifically identified factors, including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician is a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for

the weight given to a treating source's opinions. S.S.R. 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996). Under the Treating Physician Rule, preference is generally given to the opinions of treating physicians over the opinions of non-examining chart reviewers or one time examiners. 20 C.F.R. §§ 404.1527(c)(1), (2).

In his decision, the ALJ explained his decision to give limited weight to Dr. Afulukwe's opinions as follows:

> In July 2016, Ifediora F. Afulukwe, M.D., a treating physician, opined that the claimant could sit, stand and walk for less than 30 minutes in an eight-hour workday with postural limitations. She also opined that the claimant could not lift, push and pull over 30 pounds. She also indicated that the claimant is not able to do any work. In a dateless opinion, she indicated that the claimant remains medically disabled at this time and no longer able to work. In October 2015, she also opined that the claimant is unable to go back to work due to leg pain, fatigue, and inability to sit or stand for long enough to complete her work. The undersigned gives little weight to this opinion because it is inconsistent with the medical evidence as a whole and internally inconsistent. For example, Dr. Afulukwe indicated that the claimant could lift up to 30 pounds; however, she concluded that the claimant is not able to do any work. In addition, as mentioned above, medical imaging generally showed mild to moderate findings, physical examinations generally showed normal findings, and the claimant has described daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. Furthermore, statements that a claimant is "disabled", "unable to work", "can or cannot perform a past job", or "Meets a Listing", or the like, are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standard set forth therein. Such issues are reserved to the Commissioner, who cannot abdicate the statutory responsibility to determine the ultimate issue of disability. Opinions on issues reserved to the Commissioner can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a whole, or contradicted by persuasive evidence (SSR 96-5p).

(Tr. at 20 (internal citations omitted).)

Here, after a thorough review of the record and consideration of the parties' arguments, the Court agrees with the Magistrate Judge that substantial evidence supports

the ALJ's treatment of Dr. Afulukwe's opinions. First, as the Magistrate Judge noted, the ALJ found Dr. Afulukwe's opinions inconsistent with the medical evidence as a whole. The ALJ noted in his decision that Plaintiff's "physical examinations indicated generally unremarkable results, noting normal gait and station, no reduced strength, normal motor examination, able to walk on heels and toes, and no reduced range of motion," and the ALJ noted that these unremarkable findings appeared "far more often" in Plaintiff's records than less optimal findings. (Tr. at 18.) The ALJ noted that Plaintiff "received conservative modalities of treatment, including physical therapy, injections, application of heat and ice, back exercise instructions, diet instructions, weight loss counseling, and medication to address her impairments." (*Id.*) The ALJ noted that Plaintiff did not undergo any surgeries for her obesity or her back and that she did not use any devices to ambulate. (*Id.*) In addition, the ALJ noted that although the medical records indicated some less than optimal findings with resulting limitations, "medical imaging revealed only mild to moderate degenerative disc disease . . . ." (Tr. at 17.) Plaintiff complains that the ALJ was not qualified to interpret these diagnostic findings, but the Court disagrees with Plaintiff's characterization. Rather, the Court agrees with the Magistrate Judge that the ALJ was simply noting that the medical imaging showed mild to moderate findings, as that is how the medical reports themselves described those findings. (*See* Tr. 373-74.)

Plaintiff argues that the ALJ ignored many of the less optimal findings, but the Court disagrees. A review of the ALJ's decision indicates that he noted less optimal findings but determined that the less optimal findings occurred less often than the generally normal findings. (*See* Tr. At 17-20.) Moreover, the Court agrees with the Magistrate Judge that the ALJ properly accounted for the less optimal findings in his RFC determination by

limiting Plaintiff to sedentary work with additional postural and environmental limitations. (*See* Tr. at 21 ("While it is clear that the claimant's severe impairments result in limitations of some work related functions, the undersigned has accounted for said limitations by restricting the claimant to the sedentary exertional level with some additional postural and environmental restrictions.").[2])

In addition to the foregoing, the ALJ also explained that Plaintiff's activities of daily living undermined Dr. Afulukwe's restrictive opinion. The ALJ noted that Plaintiff visits family, drives to stores on her own, cares for her own hygiene, prepares meals, does laundry, and cleans, and that she attends church and "sporting events." (Tr. at 20.) While Plaintiff is correct that the ALJ's statement that Plaintiff attends "sporting events" was an overstatement, as she described her attendance at a sporting event as a one-time thing, the Court agrees with the Magistrate Judge that this error was harmless, as it is clear from a review of the ALJ's decision that he would have reached the same result notwithstanding the error. Although Plaintiff is correct that she need not be bedridden in order to be found

---

[2] The ALJ continued to explain:

> This modified sedentary residual functional capacity addresses that the claimant had mostly normal findings and no assistive device to ambulate. However, she has mild to moderate DDD and occasional findings of slowed gait and limited ambulation. This modified sedentary residual functional capacity also addresses the claimant's tenderness in the lower mid back and on the right, and into the right lower abdomen region and near the groin and pulling discomfort with range of motion in the lumbar spine. It also addresses the claimant's limitations in bending forward, pain in side bending to the right, tenderness in the superior iliac spine, and minimal tenderness in the lumbar paraspinous muscle mass. It also addresses limitations in reduced muscle strength of the lumbar spine, decreased range of motion of the lumbar spine, and obesity. It also addresses give away weakness, mild bulging of the tympanic membrane, muscle tenderness, muscle spasms, and limited range of motion.

(Tr. at 21.)

disabled, the Court finds that it was appropriate for the ALJ to consider Plaintiff's activities of daily living in evaluating Plaintiff's claim.

Finally, the Court agrees entirely with the Magistrate Judge that Dr. Afulukwe's opinions that Plaintiff could not do any work and that she is "medically disabled" are not medical opinions to be given any particular weight but rather are administrative findings reserved for the Commissioner. In all, the Court does not agree with Plaintiff that the ALJ's decision contains contradictory findings or that it is the result of cherry-picking evidence. Rather, the Court finds that ALJ's outline of the evidence is thorough and well-reasoned. The ALJ adequately explained his finding that Dr. Afulukwe's opinions were not supported by the medical evidence or by Plaintiff's activities of daily living. Ultimately, it is not this Court's job to re-weigh the evidence but to determine whether substantial evidence supports the Commissioner's decision, and here, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's evaluation of Dr. Afulukwe's opinions.

**B.     The Appeals Council's Consideration of Additional Evidence**

Plaintiff next complains that the Appeals Council erred pursuant to *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), by failing to remand for consideration of the new evidence Plaintiff submitted. Specifically, Plaintiff submitted an October 2016 "clarification of physician statement" from Dr. Afulukwe, wherein the doctor notes that he previously indicated that Plaintiff could sit/walk/stand for less than 30 minutes in an eight-hour workday, and that this was referenced in the decision-making. Dr. Afulukwe clarified:

The clinical picture I painted in the physician statement simply indicates that while Ms. Lang is neither paralyzed nor bed bound, she is able to do simple activities of daily living at home, and does not have the stamina to sustain even the simplest task demanded in a

work environment. It was in no way meant to convey that she is able to work for 30 minutes on her job." (Tr. at 503.) The Appeals Council considered this statement and made it part of the record but found that the evidence did not provide any basis for changing the ALJ's decision.

In his Report, the Magistrate Judge determined that this new evidence added nothing to the evidence that was already considered by the ALJ because Dr. Afulukwe previously made it clear in his opinions that he did not believe Plaintiff was capable of any work. Thus, the Magistrate Judge found no error in the Appeals Council's failure to remand the matter to the ALJ to consider this new evidence.

Plaintiff objects to the Magistrate Judge's conclusion and asserts that Dr. Afulukwe's new opinion is more than a statement that Plaintiff could not work, such that the Appeals Council should have remanded the matter pursuant to *Meyer*, 662 F.3d 700. After review, the Court overrules Plaintiff's objection. As the Magistrate Judge explained, Dr. Afulukwe's opinion adds nothing to the evidence already provided to and considered by the ALJ. There is simply no indication that the ALJ interpreted Dr. Afulukwe's previous opinion to mean that Dr. Afulukwe believed Plaintiff could perform work for 30 minutes. As the Magistrate Judge noted, Dr. Afulukwe made it clear in all of his opinions that he did not believe Plaintiff could perform work, even going so far as to say that she "was not able to do any work" and deem her "medically disabled," which are administrative determinations left for the Commissioner. Thus, the new evidence simply reiterates Dr. Afulukwe's prior opinions, and the Court agrees with the Magistrate Judge that the Appeals Council did not err in failing to remand the matter for further consideration.

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law when she determined that Plaintiff failed to show that the Commissioner's decision was not supported by substantial evidence or that it was reached through application of an incorrect legal standard. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 18) is adopted and incorporated herein; Plaintiff's objections (ECF No. 19) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

September 24, 2018
Charleston, South Carolina